IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:12cv326 |
| DONNA L. RICHARDSON, and DEBRA J. RICHARDSON, Individually and as Independent Executor of Steven Mark Richardson | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court are Defendant Donna L. Richardson's Agreed Motion for Default Judgment (Dkt. 17) and Defendant Debra J. Richardson's Motion for Additional Time to File Answer (Dkt. 21).

On November 1, 2012, Donna Richardson filed a motion for default judgment, arguing that Debra J. Richardson waived service and failed to timely file an answer in this interpleader action involving the life insurance proceeds from a Policy issued to Steven Mark Richardson. Based on Debra J. Richardson's purported default, Donna L. Richardson sought the entirety of the life insurance proceeds. Plaintiff Provident Life and Accident Insurance Company was unopposed to the requested relief.

On February 15, 2013, Defendant Debra J. Richardson filed her answer and a motion for leave to file such answer out of time. According to Defendant's motion, she believed that an answer

1

had been filed on her behalf by a retained attorney sometime in August 2012, but learned on February 13, 2013 that no such answer had been filed. Although the Certificate of Conference on Debra Richardson's motion indicates that Donna Richardson is opposed to the late filing of the answer, Donna Richardson has filed no response in opposition in accordance with the Local Rules of this Court. Therefore, the Court assumes that she is unopposed. *See* E.D. TEX. LR CV-7(d). The Court further finds good cause to permit the filing of the answer out of time.[1] Defendant Debra J. Richardson's Motion for Additional Time to File Answer (Dkt. 21) is GRANTED, and the Court will consider the answer filed.

Further, because Debra J. Richardson has now appeared in the suit, Defendant Donna L. Richardson's Agreed Motion for Default Judgment (Dkt. 17) is DENIED. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Because Defendant has now appeared in this suit, the Court finds default to be inappropriate. Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168

---

[1] Although no default was entered here, a court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

(5th Cir. 1984).

The Court does not find a sufficient showing of actual prejudice to Plaintiff or Donna Richardson to warrant the entry of default. Moreover, there is no indication that Debra J. Richardson's failure to answer was willful. With all potential claimants appearing, the Court will address the merits of the competing claims to the insurance proceeds.

The parties shall submit an amended proposed scheduling order with revised deadlines within fifteen (15) days of the date of this Order.

**SO ORDERED.**

**SIGNED this 3rd day of April, 2013.**

```
                              DON D. BUSH
                              UNITED STATES MAGISTRATE JUDGE
```